The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, AR 71901-5196
Dear Representative Parkerson:
This is in response to your request of an opinion on several questions concerning the advertising and promotion tax in the City of Hot Springs. Your questions, which focus on a proposed initiative to amend the existing ordinance, are as follows:
 1. Can the public initiate a petition to amend an existing ordinance that has already been approved by the voters?
 2. Can an initiated petition be offered to voters `cafeteria' style? If so, would a plurality vote carry the line item with the most votes or would it require a majority vote of a line item?
 3. Can only the tax being collected on `prepared food' be voted on, or must it also include the `hotel' portion as well?
 4. Is either the language of ballot title or the voting box misleading on this petition?
 5. Assuming the tax was eliminated by a vote, does the city board of directors have the authority to veto the result and maintain the current ordinance in its present form?
The answer to your first question is "yes." Amendment 7 to the Arkansas Constitution states that the initiative power is ". . . reserved to the local voters of each municipality . . . as to all local, special and municipal legislation of every character in and for their respective municipalities. . . ." Ark. Const. Am. 7, "Local Petitions." There is no limitation with respect to an existing measure that was approved through the referendum.
With regard to your second question, I assume that you are referring to a petition that presents questions in a manner similar to that reflected in the "Initiative Petition" attached to your correspondence. While there appears to be no general prohibition against a "cafeteria" style of voting, the language of Amendment 7 and the several legislative provisions governing the ballot form indicate that each proposal is to be voted on in a "FOR or AGAINST" format. See Ark. Const. Am. 7, "General Provisions," and A.C.A. §§ 7-5-208(g) and 7-9-117. The attached petition does not reflect this format.
With regard to the second part of your second question, Amendment 7 states that "[a]ny measure submitted to the people as herein provided shall take effect and become a law when approved by a majority of the votes cast upon such measure, and not otherwise. . . ." Id. It is therefore my opinion in this instance that each alternative tax rate would be considered a "measure" under Amendment 7, to be voted on in a "FOR or AGAINST" format. The rate must be approved by a majority of the votes severally cast for or against the rate. Id., under "Conflicting Measures." If more than one of the alternative tax rates receives a majority vote, the one receiving the highest number of affirmative votes will carry. Id.
It is my opinion, in response to your third question, that a vote on the "prepared food" tax, apart from the "hotel" tax, would be proper. The presence of a semicolon between subsections (A) and (B) of A.C.A. § 26-75-602(D)(1) (Cum. Supp. 1991) indicates the separation of these provisions. See generally 82 C.J.S.Statutes § 341 (1953). The distinct separation of the "hotel" and "prepared food" tax in § 26-75-602(a)(1)(B) (Cum. Supp. 1991) should also be noted. It appears from these provisions that the legislature intended to authorize separate levies, thus supporting the proposition that a vote on the "prepared food" tax need not include the "hotel" tax.
It must be initially noted with regard to your fourth question that this office's review of the sufficiency of ballot titles extends to state-wide measures and does not encompass local proposals. See A.C.A. § 7-9-107. The County Election Board places the title on the ballot in a municipal election. Ark. Const. Am. 7, "The Petition." Because the ballot title in this instance appears to contain the entire text of the measure, it is unlikely that it would be deemed misleading. With regard to the voting box, it should be noted that the ballot form is prescribed by law (see A.C.A. § 7-5-208), and the ballots are to be provided by the county board of election commissioners. A.C.A. §7-5-210(b). The indicated voting areas on this petition are therefore not controlling. It should be noted, however, that the smaller voting area for "Against Reduction of Tax" is questionable, assuming that the county board followed this format.
The answer to your final question is found in Amendment 7, under the "General Provisions" paragraph entitled "Amendment and Repeal." This paragraph states that:
 [n]o measure approved by a vote of the people shall be amended or repealed by . . . any City Council, except upon a yea and nay vote on roll call of two-thirds of all the members . . . of the City Council. . . .
Thus, in the event the proposed initiative is approved and the tax reduced, a supermajority (two-thirds rather than a majority) will be required for subsequent legislative action. The city council cannot, however, in my opinion, merely "veto the result." Regular procedures for the adoption of ordinances would, instead, be applicable (with the exception of the vote requirement), in connection with an effort to reenact the current ordinance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh